**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

IN RE: REVEREND ISRAEL HUMPHREYS, CIVIL NO. 01-1716 (MJD/JMM)

Petitioner, REPORT AND RECOMMENDATION

The above-named Petitioner, Reverend Israel Humphreys, is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He commenced this action on September 17, 2001, by filing a self-styled pleading entitled "Request For Writ Of Mandamus." (Docket No. 1.) Petitioner did not pay the $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Petitioner should be granted IFP status, and (2) to screen Petitioner's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Petitioner's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

It appears from Petitioner's submissions that he was charged earlier this year with violating federal law by making threats against the President of the United States. It further appears that the U.S. District Court for the District of South Dakota has found Petitioner to be mentally incompetent to stand trial on those charges, and that he has therefore been committed to FMC-Rochester as a pre-trial detainee. Various materials submitted as part of Petitioner's pleading suggest that he continues to suffer from a

FILED SEP 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

serious mental illness.

Petitioner's pleading is a rambling diatribe in which he complains about various alleged violations of his "right of privacy." He alleges that he granted some unidentified person(s) the authority to review some of his pre-commitment medical records, and that someone at FMC-Rochester, (again unidentified), later used some of the information in those records to prepare a mental health report. He also alleges that his authorization to review his pre-commitment medical records included a "disclaimer," which purportedly limited the right to use and disseminate the information in such records.

Petitioner now claims that the allegedly unauthorized use of his pre-commitment medical records violated his federally protected privacy rights. He has not named any "respondent" in the caption of his petition for writ of mandamus, and his petition does not otherwise identify any specific party to whom the writ should be directed. The only specific relief requested in the petition is that "the court hold [a] hearing to determine if the prohibition disclaimer [that allegedly was] violated is covered by Federal Privacy Act Laws."

## II. DISCUSSION

Because Petitioner is a prisoner who apparently is seeking redress from some governmental agent or agency, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C.

§ 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

For the reasons discussed below, the Court finds that Petitioner's present pleading does not state any cause of action on which relief can be granted. It will therefore be recommended that the action be summarily dismissed pursuant to § 1915A(b)(1).

A writ of mandamus, which Petitioner is seeking here, "is issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." Black's Law Dictionary, 7th ed. 1999 ("mandamus"). See also 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").

"The purpose of a writ of mandamus is not to establish a legal right but to enforce a legal right which has already been established or is conceded, and the right of the petitioner to the performance of the act sought to be compelled must be clear, specific, complete and certain." Larsen v. Switzer, 183 F.2d 850, 851 (8th Cir. 1950), cert. denied, 340 U.S. 911 (1951). Thus, "mandamus may issue against an officer of the United States only when the plaintiff has a clear right to relief, the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy." Borntrager v. Stevas, 772 F. 2d 419, 420 (8th Cir.), cert. denied, 474 U.S. 1008 (1985). See also, In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) (mandamus is available only when there is a

"clear and indisputable right to the relief sought, the defendant has a nondiscretionary duty to honor that right," and there is no other available administrative or judicial remedy).

With these principles in mind, the Court finds that the allegations in Petitioner's current pleading will not support the issuance a writ of mandamus. His "Request for Writ of Mandamus" is plainly deficient in several respects.

First, Petitioner has not identified any clearly-established legal right that he is attempting to enforce. Indeed, the only comprehensible relief that he has requested is a hearing to determine whether there actually has been any violation of his "right of privacy." Until Petitioner's substantive legal rights have been definitively established, (by some means other than a mandamus proceeding per se), no writ of mandamus can be properly be granted. Larsen, supra.

Second, Petitioner's pleading does not explain what, precisely, he wants someone to be compelled to do by the writ of mandamus he is seeking. A writ of mandamus directs some particular government agent or agency to do some particular act. Petitioner's pleading is defective because it does not identify any particular act that he is seeking to have performed.

Third, Petitioner's pleading does not identify any specific party who allegedly should be compelled to perform whatever act it is that he is seeking to have done. The caption of his pleading does not identify any party as a respondent, and nothing else in his pleading identifies the party to whom a writ of mandamus supposedly should be directed.

Finally, there are no allegations suggesting that a writ of mandamus is the only legal remedy currently available to Petitioner. He has not explained why he could not

pursue the administrative remedies provided by the federal Bureau of Prisons, (see 28 C.F.R. §§ 542.10-.16),[1] nor has he explained why he could not file a traditional civil complaint seeking injunctive relief or compensatory damages.[2]

## III. CONCLUSION

For all of the reasons discussed above, the Court concludes that Petitioner has failed to plead a viable mandamus claim. It will therefore be recommended that his mandamus petition be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted. It follows that Petitioner's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Petitioner shall remain liable for the unpaid balance of the $150 filing fee.[3] To date, he has not paid any part of the filing fee, so he will still owe the full

---

[1] Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). See also Booth v. Churner, 121 S.Ct. 1819, 1825 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"). Therefore, Petitioner's apparent failure to exhaust his administrative remedies may provide a separate additional reason to dismiss his present pleading.

[2] Because Petitioner apparently has not complied with the § 1997e(a) exhaustion requirement, (see footnote 2, supra), it would not be appropriate to attempt to construe his current petition for writ of mandamus as some other form of pleading, (e.g., a civil rights complaint).

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of

$150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the dismissal of this action should count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Petitioner be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the

---

the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 25, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before October 10, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.